UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| LINDA BAEZ,<br><br>             Plaintiff,<br><br>       v.<br><br>LOUIS DEJOY,<br>UNITED STATES POSTMASTER GENERAL,<br><br>             Defendant. | Civil Action No.<br>3:19-cv-01558-WGY |

YOUNG, D.J.[1]                                            June 1, 2023

**ORDER**

Defendant Louis DeJoy, United States Postmaster General's ("DeJoy") Motion for Summary Judgment (ECF No. 27) is <u>ALLOWED</u>, plaintiff Linda Báez's ("Báez") action is <u>DISMISSED</u> with prejudice, and judgment shall enter in favor of DeJoy forthwith.[2] The June 14, 2023 hearing is <u>CANCELLED</u>.

The summary judgment standard is well-known and recently restated by the First Circuit:

> Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational factfinder to

---

[1] Of the District of Massachusetts, sitting by designation.
[2] Louis DeJoy is substituted as defendant in this action pursuant to Fed. R. Civ. P. 25(d)

> resolve the issue in favor of either party." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). "Facts are material when they have the 'potential to affect the outcome of the suit under the applicable law.'" Cherkaoui v. City of Quincy, 877 F.3d 14, 23 (1st Cir. 2017) (quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)). The party opposing summary judgment "bears 'the burden of producing specific facts sufficient to deflect the swing of the summary judgment scythe.'" Theidon v. Harvard Univ., 948 F.3d 477, 494 (1st Cir. 2020) (quoting Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003)). "For this purpose, [it] cannot rely on 'conclusory allegations, improbable inferences, acrimonious invective, or rank speculation.' " Id. (quoting Ahern v. Shinseki, 629 F.3d 49, 54 (1st Cir. 2010)).

Baum-Holland v. Hilton El Con Mgmt., LLC, 964 F.3d 77, 87 (1st Cir. 2020). The "Court is 'obliged to [ ]view the record in the light most favorable to the nonmoving party, and to draw all reasonable inferences in the nonmoving party's favor.'" Humphrey v. Town of Spencer, No. CV 4:14-40127-TSH, 2017 WL 2261744, at *4 (D. Mass. Mar. 6, 2017) (citing LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993)).

Pursuant to Local Rule 56(e), the parties must submit statements of fact and oppositions thereto, and "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Local Rule 56(e). "The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." Id.

[2]

As the First Circuit recently explained, "Local Rule 56 is in service to Federal Rule of Civil Procedure 56." Lopez-Hernandez v. Terumo Puerto Rico LLC, 64 F.4th 22, 26 (1st Cir. 2023) (quoting Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011)). It is an "anti-ferret rule . . . intended to protect the district court from perusing through the summary judgment record in search of disputed material facts and prevent litigants from shifting that burden onto the court." Id.

The First Circuit also observed that "violations of this local rule are astoundingly common and constitute an unnecessary burden to the trial court's docket and time, and frequently make their way before [the First Circuit] for review" and it has "repeatedly emphasized the importance of complying with [Local Rule 56] and . . . implored litigants to comply or ignore [Local Rule 56] at their peril." Lopez-Hernandez v. Terumo Puerto Rico LLC, 64 F.4th 22, 26 (1st Cir. 2023). Indeed, "[u]nder Local Rule 56, a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated . . . when the statements contained in the movant's Statement of Uncontested Facts . . . are not properly controverted." Id.

This Court has oftentimes, in its exercise of discretion, excused technical defalcations where the statements of fact are imperfectly made. In this action however, while there is a

[3]

section in the Báez's opposition entitled "Statement of Fact," there is no attempt to comply with Local Rule 56 at all.[3] In fact, Báez moved for, and was granted, an extension of time to respond to the motion and statement of fact. Req. Ext. Time, ECF No. 30; Order, ECF No. 32. Even after being made aware of Baez's failure to comply in the unopposed motion to file a reply (ECF No. 34, which is ALLOWED), Baez failed to seek leave to correct her defalcation. Accordingly, the Court, in its sound discretion, allows DeJoy's requested relief under Local Rule 56(e), and accepts the well-supported Statement of Material Uncontested Facts in Support of Motion for Summary Judgment ("SUMF"), ECF No. 28, as stated, Lopez-Hernandez, 64 F.4th at 26, and the applies those undisputed facts to the claims at bar.

Under the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq. ("the Rehabilitation Act"), Báez must prove "that (a) she is disabled within the [Act's] definition; that (b) she could perform the job's essential functions either with or without a reasonable accommodation; and that (c) the employer knew of her disability, yet failed to reasonably accommodate it." McDonough

---

[3] As DeJoy points out in their reply, Báez's statement of facts is nothing more than a copy of allegations from the Amended Complaint, most of which are denied or qualified by DeJoy's Answer to the Amended Complaint. See Pl.'s Resp. Opp. Mot. Summ. J. ("Opp.") 1-2, ECF No. 31; Am. Compl. 2-3, ECF No. 22; Answer Am. Compl., ECF No. 23; Reply Pl.'s Opp. Mot. Summ. J. 1-2, ECF No. 34-1.

[4]

v. Brennan, 18-2141, 2019 WL 10887002, at *1 (1st Cir. Sept. 24, 2019) (unpublished decision). DeJoy concedes for purposes of summary judgment the first element. Mem. Law Supp. Summ. J. 6. On the undisputed facts, however, DeJoy is correct that Báez is unable to demonstrate that she could perform the job's essential functions with or without a reasonable accommodation because she was totally disabled and, by her own testimony, has never been cleared to return to work. DeJoy Mem. 6-8; see SUMF ¶ 67 ("After her accident on October 23, 2017, Linda Báez was not allowed to work again, based on her physicians' recommendations. This situation has not changed since then."); SUMF ¶ 68 ("Linda Báez testified that all physicians that were involved in her care at the time, agreed that her disabilities did not allow her to return to work, as she was not able to perform the essential functions of her position as a mail carrier. She acknowledged that her physicians found her to be completely disabled to perform her work duties, as no accommodations could be afforded."); SUMF ¶ 69 ("Since November 2017, because of these findings of disabilities, Linda Báez has been receiving full pension from the United States Postal Office and from the Social Security Administration."). Báez counters with a bald statement that she "could conduct the essential functions of her position even though she was not given reasonable accommodations." Opp. 4-5. Báez offers no evidence in support of this statement at

[5]

all, and her unsupported statement plainly contradicts her deposition testimony.. Indeed, the record reflects that she could not return to work and never did. Because the claim fails on the second element, the Court need not -- and does not -- decide the third element.

"The Rehabilitation Act also makes it 'unlawful for employers to retaliate against persons who complain about unlawfully discriminatory employment practices.'" Lozada v. Dejoy, CV 20-1674 (DRD), 2023 WL 2433860, at *9 (D.P.R. Mar. 9, 2023) (Delgado, J.) (quoting Noviello v. City of Bos., 398 F.3d 76, 88 (1st Cir. 2005). "To make out a prima facie case of retaliation, 'a plaintiff must show that (1) he or she engaged in protected conduct, (2) he or she was subjected to an adverse action by the defendant, and (3) there was a causal connection between the protected conduct and the adverse action.'" Id. (quoting D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 41 (1st Cir. 2012). The elements of a retaliation claim is also identical under Title VII, 42 U.S.C. § 2000e et seq. See Calero-Cerezo v. U.S. Dept. of J., 355 F.3d 6, 25 (1st Cir. 2004)

As DeJoy correctly argues, Báez has apparently abandoned the retaliation claim, Reply 4, as she did not address it in opposing the motion. Nevertheless, based upon the undisputed facts, the retaliation claim fails on the merits because even

[6]

presuming without ruling there was protected conduct and adverse action, there is no non-speculative evidence of a causal connection between those elements on any retaliation claim.

In sum, based upon the evidentiary record, the claims fail on their merits.  Accordingly, for the reasons set forth above, the motion for summary judgment (ECF No. 27) is <u>ALLOWED</u>, the action is <u>DISMISSED</u> with prejudice, and judgment shall enter in favor of DeJoy.

**SO ORDERED.**

*/s/ William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE